UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

**NAHOKO MIZUTA** and **KENTARO MIZUTA**, as
Parents and Natural Guardians of **Y.M.**, and
**NAHOKO MIZUTA** and **KENTARO MIZUTA**,
Individually,

**ANDREA PHILLIPS** and **PAUL HINTON**, as
Parents and Natural Guardians of **S.H.**, and
**ANDREA PHILLIPS** and **PAUL HINTON**,
Individually,

**LINDA LARACH-COHEN** and **RONALDO
COHEN**, as Parents and Natural Guardians of
**M.C.**, and **LINDA LARACH-COHEN**
and **RONALDO COHEN**,
Individually,

**TANISHA ALLEN** and **CARLOS NICHOLLS**, as
Parents and Natural Guardians of **T.A.**, and
**TANISHA ALLEN** and **CARLOS NICHOLLS**,
Individually,

**ROSA ZAYAS** and **EDWIN ZAYAS**, as
Parents and Natural Guardians of **R.Z.**, and
**ROSA ZAYAS and EDWIN ZAYAS**,
Individually,

**KEISHA ARCHIBALD**, as Parent and Natural
Guardian of **N.A**. and **KEISHA ARCHIBALD**,
Individually,

**ADEJUMOKE OGUNLEYE** and **ADEWALE
OGUNLEYE**, as Parents and Natural Guardians
of **D.O.** and **ADEJUMOKE OGUNLEYE**
and **ADEWALE OGUNLEYE**,
Individually,

**MAYLENE OTERO** as Parent and Natural Guardian
of **K.R.**, and **MAYLENE OTERO**,
Individually,

**IRIS RUCKER TORIBIO** and **MIKE RUCKER** as
Parents and Natural Guardians of **A.R.**, and
**IRIS RUCKER TORIBIO** and **MIKE RUCKER**,

22-cv- 05522

**COMPLAINT**

Individually,

                         Plaintiffs,

    -against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department of
Education, and **The NEW YORK CITY
DEPARTMENT OF EDUCATION**,

                        Defendants.
**-----------------------------------------------------------------X**

       Plaintiffs **NAHOKO MIZUTA** and **KENTARO MIZUTA**, as Parents and Natural

Guardians of **Y.M.** [1], **ANDREA PHILLIPS,** and **PAUL HINTON**, as Parents and Natural

Guardians of **S.H.**, **LINDA LARACH-COHEN**, and **RONALDO COHEN**, as Parents and

Natural Guardians of **M.C.**, **TANISHA ALLEN** and **CARLOS NICHOLLS**, as Parents

and Natural Guardians of **T.A.**, **ROSA ZAYAS** and **EDWIN ZAYAS**, as Parents and

Natural Guardians of **R.Z.**, **KEISHA ARCHIBALD**, as Parent and Natural Guardian of

**N.A.**, **ADEJUMOKE OGUNLEYE**, and **ADEWALE OGUNLEYE**, as Parents and

Natural Guardians of **D.O.**, **MAYLENE OTERO**, as Parent and Natural Guardian of **K.R.**,

and **IRIS RUCKER TORIBIO** and **MIKE RUCKER**, as Parents and Natural Guardians

of **A.R.**, and each Plaintiff Individually (collectively, "Plaintiffs"), for their Complaint

against **DAVID C. BANKS** and the **NEW YORK CITY DEPARTMENT OF

EDUCATION** Defendants (collectively, "DOE"), allege as follows:

---

[1] Although the full names of the Parents are used herein, consistent with the federal Family Educational Rights and
Privacy Act, 20 U.S.C. § 1232g and its regulations ("FERPA"), Plaintiff's Counsel is using the initials of the Student
to protect that Student's privacy.

**PRELIMINARY STATEMENT**

1.  The Individuals with Disabilities Education Act ("IDEA") offers federal funds to states in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. See 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

2.  As defined in the Act, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to allow the child to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

3.  An eligible child gains a substantive right to such an education once a state accepts the IDEA's financial assistance from the Federal Government.

4.  Under the IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5.  Each Plaintiff here seeks an Order requiring DOE to comply with the final Administrative Orders of Impartial Hearing Officer ("IHO") Findings of Fact and Decisions ("FOFD") and/or State Review Officer ("SRO") Decisions, which order DOE to fully fund the cost of each Plaintiff's Student's placement at the International Institute for the Brain ("iBRAIN").

**JURISDICTION AND VENUE**

6.  This case arises under a federal statute, the IDEA, 20 U.S.C. § 1400, *et seq.*, and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

7.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims here arise under federal law (IDEA), 28 U.S.C. § 1343(a), under laws protecting civil rights, and under 20 U.S.C. § 1400, et seq.

8.  Jurisdiction is also proper under 42 U.S.C. § 1983, as Defendants acted under the color of law.

9.  To the extent, if any, that this case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

10. This Court may order declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202.

11. Under 28 U.S.C. § 1391(b), venue is appropriately placed in the Southern District of New York, in that DOE maintains business offices in New York County.

## **THE PARTIES**

12. Y.M. was eleven years old during the 2020-2021 school year.

13. Y.M. is a minor.

14. Y.M. is a child with a disability defined by 20 U.S.C. § 1401 (3).

15. Y.M. is entitled to receive a FAPE and related services from the DOE.

16. NAHOKO MIZUTA and KENTARO MIZUTA are the Parents and Natural Guardians of Y.M.

17. At all relevant times herein, NAHOKO MIZUTA, KENTARO MIZUTA, and Y.M. lived in the City of New York.

18. S.H. was twenty years old during the 2020-2021 school year.

19. S.H. is a child with a disability defined by 20 U.S.C. § 1401 (3).

20. S.H. is entitled to receive a FAPE and related services from the DOE.

21. ANDREA PHILLIPS and PAUL HINTON are the Parents and Natural Guardians of S.H.

22. At all relevant times herein, ANDREA PHILLIPS, PAUL HINTON, and S.H. resided in the City of New York.

23. M.C. was seventeen years old during the 2021-2022 school year.

24. M.C. was sixteen years old during the 2020-2021 school year.

25. At all relevant times herein, M.C. was a minor.

26. M.C. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

27. M.C. is entitled to receive a FAPE and related services from the DOE.

28. LINDA LARACH-COHEN and RONALDO COHEN are the Parents and Natural Guardians of M.C.

29. At all relevant times herein, LINDA LARACH-COHEN, RONALDO COHEN, and M.C. lived in the City of New York.

30. T.A. was five years old during the 2021-2022 school year.

31. T.A. is a minor.

32. T.A. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

33. T.A. is entitled to receive a FAPE and related services from the DOE.

34. TANISHA ALLEN and CARLOS NICHOLLS are the Parents and Natural Guardians of T.A.

35. At all relevant times herein, TANISHA ALLEN, CARLOS NICHOLLS, and T.A. lived in the City of New York.

36. R.Z. was fifteen years old during the 2019-2020 school year.

37. R.Z. was sixteen years old during the 2020-2021 school year.

38. At all relevant times herein, R.Z. was a minor.

39. R.Z. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

40.  R.Z. is entitled to receive a FAPE and related services from the DOE.

41.  ROSA ZAYAS and EDWIN ZAYAS are the Parents and Natural Guardians of R.Z.

42.  At all relevant times herein, ROSA ZAYAS, EDWIN ZAYAS, and R.Z. lived in the City of New York.

43.  N.A. was five years old during the 2020-2021 school year, and N.A. was six years old during the 2021-2022 school year.

44.  N.A. is a minor.

45.  N.A. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

46.  N.A. is entitled to receive a FAPE and related services from the DOE.

47.  KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A.

48.  At all relevant times herein, KEISHA ARCHIBALD and N.A. lived in the City of New York.

49.  D.O. was five years old during the 2020-2021 school year.

50.  D.O. was six years old during the 2021-2022 school year.

51.  D.O. is a minor.

52.  D.O. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

53.  D.O. is entitled to receive a FAPE and related services from the DOE.

54.  ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE are the Parents and Natural Guardians of D.O.

55.  At all relevant times herein, ADEJUMOKE OGUNLEYE, ADEWALE OGUNLEYE, and D.O. lived in the City of New York.

56.  K.R. was thirteen years old during the 2020-2021 school year.

57.  K.R. was fourteen years old during the 2021-2022 school year.

58.    K.R. is a minor.

59.    K.R. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

60.    K.R. is entitled to receive a FAPE and related services from the DOE.

61.    MAYLENE OTERO is the Parent and Natural Guardian of K.R.

62.    At all relevant times herein, MAYLENE OTERO and K.R. resided in the City of New York.

63.    A.R. was five years old during the 2020-2021 school year.

64.    A.R. was six years old during the 2021-2022 school year.

65.    A.R. is a minor.

66.    A.R. is a child with a disability, as defined by 20 U.S.C. § 1401 (3).

67.    A.R. is entitled to receive a FAPE and related services from the DOE.

68.    IRIS RUCKER TORIBIO and MIKE RUCKER are the Parents and Natural Guardians of A.R.

69.    At all relevant times herein, IRIS RUCKER TORIBIO, MIKE RUCKER, and A.R. lived in the City of New York.

70.    At all relevant times herein, Defendant New York City Department of Education is, and was, at all material times, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq*., that manages and controls the educational affairs of the New York City public schools.

71.    Defendant New York City Department of Education is the local education agency ("LEA"), defined in 14 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing each Student with a FAPE.

72.    On January 1, 2022, Defendant David C. Banks became the Chancellor of the N.Y.C. Department of Education.

73. New York State and DOE have established both written and informal policies and procedures for the implementation of the IDEA.

74. DOE receives federal funding under the IDEA, 20 U.S.C. § 1412.

75. Since DOE receives funding under the IDEA, it must comply with the provisions of the statute.

76. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

77. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

78. At all relevant times set forth herein, each Plaintiff was/is a New York City resident and lived within the DOE school district.

79. At all relevant times set forth herein, DOE was/is responsible for providing a FAPE to all students with disabilities, including **Y.M., S.H., M.C., T.A., R.Z., N.A., D.O., K.R.,** and **A.R.**, who live in DOE's school district, under statutory rights arising under the IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA statute.

## FACTUAL ALLEGATIONS

80. Congress enacted the IDEA to ensure that students with disabilities, such as **Y.M., S.H., M.C., T.A., R.Z., N.A., D.O., K.R.,** and **A.R.**, have meaningful access to public education.

81. States that participate in the IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the state and comply with the IDEA's procedural and substantive mandates.

82. New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, set forth at N.Y. Educ. Law § 4401 (McKinney) *et seq.*

83. The primary mechanism for implementing the IDEA's mandate of a FAPE is the IEP as defined in 20 U.S.C. § 1401(14), 1414(d).

84. An IEP is a written statement prepared for every child with a disability that sets forth the special education and related services, supplementary aids, and services, and program modification or supports to be provided to the child, on or behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

85. On July 6, 2020, NAHOKO MIZUTA and KENTARO MIZUTA brought a Due Process Complaint ("DPC") against DOE, alleging, among other things, that DOE did not provide Y.M. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for Y.M., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i)[2]. The DPC was assigned IHO Case No. 196236.

86. IHO Gary D. Peters was appointed to conduct hearings addressing the Parents' DPC allegations.

87. On January 27, 2022, IHO Peters issued an FOFD in IHO Case No. 196236.

88. IHO Peters found, among other things, that DOE denied Y.M. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for Y.M. during the 2020-

---

[2] A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a student, if the services offered by the board of education were inadequate or inappropriate ("Prong I"); the services selected by the parents were appropriate ("Prong II"); and equitable considerations support the parents' claim. ("Prong III"); *See Florence Cty. Sch. Dist. Four v. Carter By & Through Carter*, 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369–70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985).

2021 school year, and that equitable considerations favored an award of full funding for the same.

89. IHO Peters ordered DOE to fully fund Y.M.'s tuition, costs, expenses, related services, and transportation/nursing services at iBRAIN for the 2020-2021 school year.

90. IHO Peters issued his FOFD **570 days after NAHOKO MIZUTA** and **KENTARO MIZUTA** filed their DPC against DOE for the 2020-2021 school year.

91. DOE had 40 days from January 27, 2022, to appeal—to file a verified Request for Review ("RFR") of IHO Peters' FOFD to the Office of State Review.

92. DOE did not file a verified RFR; DOE did not appeal IHO Peters' FOFD.

93. IHO Peters' January 27 FOFD is the final Order for Y.M.'s 2020-2021 Due Process Proceedings.

94. NAHOKO MIZUTA and KENTARO MIZUTA are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 196236 for the 2020-2021 school year.

95. To date, DOE has not complied with IHO Peters' FOFD in IHO Case No. 196236.

96. To date, DOE has not fully implemented the FOFD in IHO Case No. 196236; DOE has not funded the total cost of Y.M.'s tuition, expenses, related services, and transportation/nursing services at iBRAIN for the 2020-2021 school year.

97. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

98. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

99.   A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

100.  In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

101.  In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

102.  On January 27, 2022, IHO Peters issued an FOFD in IHO Case No. 196236 in favor of NAHOKO MIZUTA and KENTARO MIZUTA on all three 'Burlington/Carter' prongs.

103.  In IHO Case No. 196236, IHO Peters found DOE denied Y.M. a FAPE for the 2020-2021 school year; that iBRAIN was an appropriate placement for Y.M.; and that a balancing of the equities favored full tuition reimbursement and/or direct funding for Y.M.'s placement at iBRAIN for the 2020-2021 school year including funding for related services and transportation/nursing services.

104.  IHO Peters ordered DOE to fully fund Y.M.'s attendance, costs, related services, and transportation/nursing services at iBRAIN for the 2020-2021 school year—the relief sought by NAHOKO MIZUTA and KENTARO MIZUTA in the IDEA proceeding.

105.  IHO Peters' FOFD altered the legal relationship between DOE and NAHOKO MIZUTA and KENTARO MIZUTA.

106.  NAHOKO MIZUTA and KENTARO MIZUTA are the prevailing parties in the underlying administrative proceedings for IHO Case No. 196236.

107.  As noted above, DOE did not appeal IHO Peters' FOFD in IHO Case No. 196236.

108. At all times set forth here, NAHOKO MIZUTA and KENTARO MIZUTA were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 school year.

109. NAHOKO MIZUTA and KENTARO MIZUTA are entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 196236.

110. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing NAHOKO MIZUTA and KENTARO MIZUTA in the IDEA proceedings relative to IHO Case No. 196236 between July 2020 and January 2022.

111. NAHOKO MIZUTA and KENTARO MIZUTA request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 196236 in an amount to be provided at a date subsequent to the Complaint filed herein.

112. On July 6, 2021, ANDREA PHILLIPS and PAUL HINTON brought a DPC against DOE alleging, among other things, that DOE did not provide S.H. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for S.H., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 210832.

113. IHO John Farago was appointed to conduct hearings addressing the Parents' DPC allegations.

114. On April 10, 2022, IHO Farago issued an FOFD in IHO Case No. 210832.

115. IHO Farago found, among other things, that DOE denied S.H. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for S.H. during the 2021-

2022 school year, and that equitable considerations favored an award of full funding for the same.

116. IHO Farago ordered DOE to fully fund S.H.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

117. IHO Farago issued his FOFD **278 days after** ANDREA PHILLIPS and PAUL HINTON filed their DPC against DOE for the 2021-2022 school year.

118. DOE had 40 days from April 10, 2022, to appeal – to file an RFR – IHO Farago's FOFD to the Office of State Review.

119. DOE did not file a verified RFR; DOE did not appeal IHO Farago's FOFD.

120. IHO Farago's April 10, 2022, FOFD is the final Order of S.H.'s 2021-2022 Due Process Proceedings.

121. ANDREA PHILLIPS and PAUL HINTON are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 210832 for the 2021-2022 school year.

122. To date, DOE has not complied with IHO Farago's FOFD in IHO Case No. 210832.

123. To date, DOE has not fully implemented the FOFD in IHO Case No. 210832; DOE has not funded the total cost of S.H.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

124. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

125. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

126. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

127. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

128. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

129. On April 10, 2022, IHO Farago issued an FOFD in IHO Case No. 210832 in favor of ANDREA PHILLIPS and PAUL HINTON on all three 'Burlington/Carter' prongs.

130. In IHO Case No. 210832, IHO Farago found that DOE denied S.H. a FAPE for the 2021-2022 school year; that iBRAIN was an appropriate placement for S.H.; and, that a balancing of the equities favored full tuition reimbursement and/or direct funding for S.H.'s placement at iBRAIN for the 2021-2022 school year including funding for related services and transportation services.

131. IHO Farago ordered DOE to fully fund S.H.'s attendance, costs, related services, and transportation services at iBRAIN for the 2021-2022 school year—the relief sought by ANDREA PHILLIPS and PAUL HINTON in the IDEA proceeding.

132. IHO Farago's FOFD altered the legal relationship between DOE and ANDREA PHILLIPS and PAUL HINTON.

133. ANDREA PHILLIPS and PAUL HINTON are the prevailing parties in the underlying administrative proceedings for IHO Case No. 210832.

134. As noted above, DOE did not appeal IHO Farago's FOFD in IHO Case No. 210832.

135. At all times set forth here, ANDREA PHILLIPS and PAUL HINTON were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2021-2022 school year.

136. ANDREA PHILLIPS and PAUL HINTON are entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 210832.

137. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing ANDREA PHILLIPS and PAUL HINTON in the IDEA proceedings relative to IHO Case No. 210832 between July 2021 and April 2022.

138. ANDREA PHILLIPS and PAUL HINTON request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 210832 in an amount to be provided at a date subsequent to the Complaint filed herein.

139. On July 6, 2020, LINDA LARACH-COHEN and RONALDO COHEN brought a DPC against DOE alleging, among other things, that DOE did not provide M.C. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for M.C., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415 (i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 196226.

140. IHO Martin J. Kehoe III was appointed to conduct hearings addressing the Parents' DPC allegations for IHO Case No. 196226.

141. On November 4, 2021, IHO Kehoe issued an FOFD in IHO Case No. 196226.

142. In IHO Case No. 196226, IHO Kehoe found, among other things, that DOE denied M.C. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for M.C. during the 2020-2021 school year, and that equitable considerations favored an award of full funding for the same.

143. IHO Kehoe ordered DOE to fully fund M.C.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2020-2021 school year.

144. IHO Kehoe issued his Decision in IHO Case No. 196226 **486 days after** LINDA LARACH-COHEN and RONALDO COHEN filed their DPC against DOE for the 2020-2021 school year.

145. DOE had 40 days from November 4, 2021, to appeal—to file a verified RFR of IHO Kehoe's FOFD to the Office of State Review.

146. DOE did not file a verified RFR; DOE did not appeal IHO Kehoe's November 4, 2021 FOFD.

147. IHO Kehoe's November 4, 2021, FOFD is the final Order of M.C.'s 2020-2021 Due Process Proceedings.

148. LINDA LARACH-COHEN and RONALDO COHEN are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 196226 for the 2020-2021 school year.

149. To date, DOE has not complied with IHO Kehoe's FOFD in IHO Case No. 196226.

150. To date, DOE has not fully implemented the FOFD in IHO Case No. 196226; DOE has not funded the total cost of M.C.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2020-2021 school year.

151. On July 6, 2021, LINDA LARACH-COHEN and RONALDO COHEN brought a DPC against DOE alleging, among other things, that DOE did not provide M.C. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for M.C., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 210829.

152. IHO Martin J. Kehoe III was appointed to conduct hearings addressing the Parents' DPC allegations for IHO Case No. 210829.

153. On November 1, 2021, IHO Kehoe issued an FOFD in IHO Case No. 210829.

154. In IHO Case No. 210829, IHO Kehoe found, among other things, that DOE denied M.C. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for M.C. during the 2021-2022 school year, and that equitable considerations favored an award of full funding for the same.

155. IHO Kehoe ordered DOE to fully fund M.C.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

156. DOE had 40 days from November 1, 2021, to appeal—to file an RFR of IHO Kehoe's FOFD to the Office of State Review.

157. DOE did not file a verified RFR; DOE did not appeal IHO Kehoe's November 1, 2021 FOFD.

158. IHO Kehoe's November 1, 2021, FOFD is the final Order of M.C.'s 2021-2022 Due Process Proceedings.

159. LINDA LARACH-COHEN and RONALDO COHEN are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 210829 for the 2021-2022 school year.

160. To date, DOE has not complied with IHO Kehoe's FOFD in IHO Case No. 210829.

161. To date, DOE has not fully implemented the FOFD in IHO Case No. 210829; DOE has not funded the total cost of M.C.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

162. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

163. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

164. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

165. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

166. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

167. On November 4, 2021, IHO Kehoe issued an FOFD in IHO Case No. 196226 in favor of LINDA LARACH-COHEN and RONALDO COHEN on all three 'Burlington/Carter' prongs.

168. On November 1, 2021, IHO Kehoe issued an FOFD in IHO Case No. 210829 in favor of LINDA LARACH-COHEN and RONALDO COHEN on all three 'Burlington/Carter' prongs.

169. In IHO Case Nos. 196226 and 210829, IHO Kehoe found DOE denied M.C. a FAPE for the 2020-2021 and 2021-2022 school years; that iBRAIN was an appropriate placement for M.C.; and that a balancing of the equities favored full tuition reimbursement and/or direct funding for M.C.'s placement at iBRAIN for the 2020-2021 and 2021-2022 school years including funding for related services and transportation services.

170. IHO Kehoe ordered DOE to fully fund M.C.'s attendance, costs, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years—the relief sought by LINDA LARACH-COHEN and RONALDO COHEN in their IDEA proceedings.

171. IHO Kehoe's FOFDs altered the legal relationship between DOE and LINDA LARACH-COHEN and RONALDO COHEN.

172. LINDA LARACH-COHEN and RONALDO COHEN are the prevailing parties in the underlying administrative proceedings for IHO Case Nos. 196226 and 210829.

173. As noted above, DOE did not appeal IHO Kehoe's FOFD in IHO Case No. 196226 or 210829.

174. At all times set forth here, LINDA LARACH-COHEN and RONALDO COHEN were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 and 2021-2022 school years.

175. LINDA LARACH-COHEN and RONALDO COHEN are entitled to reasonable attorneys' fees as prevailing parties in IHO Case Nos. 196226 and 210829.

176. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed threat spent numerous hours representing LINDA LARACH-COHEN and RONALDO COHEN in the IDEA proceedings relative to IHO Case No. 196226 between July 2020 and November 2021.

177. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed threat spent numerous hours representing LINDA LARACH-COHEN and RONALDO COHEN in the IDEA proceedings relative to IHO Case No. 210829 between July 2021 and November 2021.

178. LINDA LARACH-COHEN and RONALDO COHEN request an award of reasonable attorneys' fees as prevailing parties in IHO Case Nos. 196226 and 210829 in an amount to be provided at a date subsequent to the Complaint filed herein.

179.  On October 29, 2021, TANISHA ALLEN and CARLOS NICHOLLS brought a DPC against DOE alleging, among other things, that DOE did not provide T.A. a FAPE for the 2019-2020, 2020-2021, and 2021-2022 school years, that iBRAIN was an appropriate unilateral placement for T.A., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 220569.

180. IHO Rachel Gibbons was appointed to conduct hearings addressing the Parents' DPC allegations.

181. On April 12, 2022, IHO Gibbons issued an FOFD in IHO Case No. 220569.

182. IHO Gibbons found, among other things, that DOE denied T.A. a FAPE for the 2019-2020, 2020-2021, and 2021-2022 school years, that iBRAIN was an appropriate unilateral

placement for T.A., and that equitable considerations favored an award of full funding for the 2021-2022 school year.

183. Gibbons ordered DOE to fully fund T.A.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

184. DOE had 40 days from April 12, 2022, to appeal—to file an RFR of IHO Gibbons' FOFD to the Office of State Review.

185. DOE did not file a verified RFR; DOE did not appeal IHO Gibbons' FOFD.

186. IHO Gibbons' April 12, 2022, FOFD is the final Order for T.A.'s 2019-2020, 2020-2021, and 2021-2022 Due Process Proceedings.

187. TANISHA ALLEN and CARLOS NICHOLLS are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 220569 for the 2019-2020, 2020-2021, and 2021-2022 school years.

188. To date, DOE has not complied with IHO Gibbons' FOFD in IHO Case No. 220569.

189. To date, DOE has not fully implemented the FOFD in IHO Case No. 220569; DOE has not funded the total cost of T.A.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

190. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

191. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

192. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of resolving the dispute constitutes a change in the parties' legal relationship.

193. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

194. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

195. On April 12, 2022, IHO Gibbons issued an FOFD in IHO Case No. 220569 in favor of TANISHA ALLEN and CARLOS NICHOLLS on all three 'Burlington/Carter' prongs.

196. In IHO Case No. 220569, IHO Gibbons found DOE denied T.A. a FAPE for the 2019-2020, 2020-2021, and 2021-2022 school years; that iBRAIN was an appropriate placement for T.A.; and that a balancing of the equities favored full tuition reimbursement and/or direct funding for T.A.'s placement at iBRAIN for the 2021-2022 school year, including funding for related services and transportation services.

197. IHO Gibbons ordered DOE to fully fund T.A.'s attendance, costs, related services, and transportation services at iBRAIN for the 2021-2022 school year—the relief sought by TANISHA ALLEN and CARLOS NICHOLLS in the IDEA proceeding.

198. IHO Gibbons' FOFD altered the legal relationship between DOE, **TANISHA ALLEN**, and **CARLOS NICHOLLS**.

199. **TANISHA ALLEN** and **CARLOS NICHOLLS** are the prevailing parties in the underlying administrative proceedings for IHO Case No. 220569.

200. As noted above, DOE did not appeal IHO Gibbons' FOFD in IHO Case No. 220569.

201. At all times set forth herein, TANISHA ALLEN and CARLOS NICHOLLS were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby in the administrative proceedings brought against the

Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2019-2020, 2020-2021, and 2021-2022 school years.

202. TANISHA ALLEN and CARLOS NICHOLLS are entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 220569.

203. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing TANISHA ALLEN and CARLOS NICHOLLS in the IDEA proceedings relative to IHO Case No. 220569 between October 2021 and April 2022.

204. TANISHA ALLEN and CARLOS NICHOLLS request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 220569 in an amount to be provided at a date subsequent to the Complaint filed herein.

205. On March 30, 2020, ROSA ZAYAS and EDWIN ZAYAS brought a DPC against DOE alleging, among other things, that DOE did not provide R.Z. a FAPE for the 2018-2019, 2029-2020, and 2020-2021 school years, that iBRAIN was an appropriate unilateral placement for R.Z. for the 2019-2020 and 2020-2021 school years, and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

206. On July 6, 2020, ROSA ZAYAS and EDWIN ZAYAS filed another DPC requesting consolidation with the March 30, 2020, DPC and a Pendency Order to finance R.Z.'s then-current educational placement until the proceedings were completed.

207. The July 6, 2020, DPC request for consolidation was granted, and the consolidated DPC was assigned IHO Case No. 193506.

208. ROSA ZAYAS and EDWIN ZAYAS' motion for pendency was denied.

209. IHO Diane Ciccone was appointed to conduct hearings addressing the Parents' DPC allegations.

210. On November 9, 2021, IHO Ciccone issued an FOFD in IHO Case No. 193506.

211. IHO Ciccone found, among other things, that DOE denied R.Z. a FAPE for the 2019-2020 and 2020-2021school years, that iBRAIN was an appropriate unilateral placement for R.Z., that equitable considerations favored an award of full funding at iBRAIN from March 2020 to June 2021, and that R.Z. is entitled to Assistive Technology compensatory services for the 2018-2019 and 2019-2020 school years.

212. IHO Ciccone ordered DOE to fully fund R.Z. 's tuition, costs, expenses, related services, and transportation services at iBRAIN from March 2020 to June 2021. IHO Ciccone also ordered DOE to provide R.Z. with a bank of 540 hours of Occupational Therapy; 540 hours of physical therapy; 360 hours of speech/language therapy; 360 hours of Vision Education Services, and 180 hours of Assistive Technology as compensatory services.

213. IHO Ciccone issued her Decision in IHO Case No. 193506 **589 days after** ROSA ZAYAS and EDWIN ZAYAS filed their DPC against DOE.

214. DOE had 40 days from November 9, 2021, to appeal—to file an RFR of IHO Ciccone's FOFD to the Office of State Review.

215. DOE did not file a verified RFR; DOE did not appeal IHO Ciccone's FOFD.

216. IHO Ciccone's November 9, 2021, FOFD is the final Order for R.Z. 's 2018-2020, 2019-2020, and 2020-2021 Due Process Proceedings.

217. ROSA ZAYAS and EDWIN ZAYAS are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 193506 for the 2018-2020, 2019-2020, and 2020-2021 school years.

218. To date, DOE has not complied with IHO Ciccone's FOFD in IHO Case No. 193506.

219. To date, DOE has not fully implemented the FOFD in IHO Case No. 193506; DOE has not funded the total cost of R.Z. 's tuition, expenses, related services, and transportation services at iBRAIN from March 2020 to June 2021, and has not provided R.Z. with the total hours of compensatory services ordered by IHO Ciccone.

220. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

221. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

222. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

223. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

224. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

225. On November 9, 2021, IHO Ciccone issued an FOFD in IHO Case No. 193506 in favor of ROSA ZAYAS and EDWIN ZAYAS on all three 'Burlington/Carter' prongs.

226. In IHO Case No. 193506, IHO Ciccone found that DOE denied R.Z. a FAPE for the 2019-2020 and 2020-2021 school years; that iBRAIN was an appropriate placement for R.Z.; that a balancing of the equities favored full tuition reimbursement and/or direct funding for R.Z. 's placement at iBRAIN from March 2020 to June 2021, including funding for related

services and transportation services; and, that R.Z. was entitled to Assistive Technology compensatory services for the 2018-2019 school year.

227. IHO Ciccone ordered DOE to fully fund R.Z. 's attendance, costs, related services, and transportation services at iBRAIN from March 2020 to June 2021.

228. IHO Ciccone's FOFD altered the legal relationship between DOE and ROSA ZAYAS and EDWIN ZAYAS.

229. ROSA ZAYAS and EDWIN ZAYAS are the prevailing parties in the underlying administrative proceedings for IHO Case No. 193506.

230. As noted above, DOE did not appeal IHO Ciccone's FOFD in IHO Case No. 193506.

231. At all times set forth herein, ROSA ZAYAS and EDWIN ZAYAS were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2018-2029, 2019-2020, and 2020-2021 school years.

232. ROSA ZAYAS and EDWIN ZAYAS are entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 193506.

233. The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing ROSA ZAYAS and EDWIN ZAYAS in the IDEA proceedings relative to IHO Case No. 193506 between March 2020 and November 2021.

234. ROSA ZAYAS and EDWIN ZAYAS request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 193506 in an amount to be provided at a date subsequent to the Complaint filed herein.

235. On February 7, 2022, KEISHA ARCHIBALD brought a DPC against DOE alleging, among other things, that DOE did not provide N.A. a FAPE for the 2020-2021 and 2021-2022 school years, that iBRAIN was an appropriate unilateral placement for N.A., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 224338.

236. IHO Harriet Gewirtz was appointed to conduct hearings addressing the Parents' DPC allegations.

237. On May 28, 2022, IHO Gewirtz issued an FOFD in IHO Case No. 224338.

238. IHO Gewirtz found, among other things, that DOE denied N.A. a FAPE for the 2021-2022 year, that iBRAIN was an appropriate unilateral placement for N.A., and that equitable considerations favored an award of full funding for the 2021-2022 school year.

239. IHO Gewirtz ordered DOE to fully fund N.A.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

240. DOE had 40 days from May 28, 2022, to appeal—to file an RFR of IHO Gewirtz's FOFD to the Office of State Review.

241. DOE did not file a verified RFR; DOE did not appeal IHO Gewirtz's FOFD.

242. IHO Gewirtz's May 28, 2022, FOFD is the final Order for N.A.'s 2021-2022 school year.

243. KEISHA ARCHIBALD is the prevailing party of the underlying administrative proceedings relative to IHO Case No. 224338 for the 2021-2022 school year.

244. To date, DOE has not complied with IHO Gewirtz's FOFD in IHO Case No. 224338.

245. To date, DOE has not fully implemented the FOFD in IHO Case No. 224338; DOE has not funded the total cost of N.A.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2021-2022 school year.

246. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

247. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

248. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

249. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

250. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

251. On May 28, 2022, IHO Gewirtz issued an FOFD in IHO Case No. 224338 in favor of KEISHA ARCHIBALD on all three 'Burlington/Carter' prongs.

252. In IHO Case No. 224338, IHO Gewirtz found that DOE denied N.A. a FAPE for the 2021-2022 school year; that iBRAIN was an appropriate placement for N.A., and, that a balancing of the equities favored full tuition reimbursement and/or direct funding for N.A.'s placement at iBRAIN for the 2021-2022 school year including funding for related services and transportation services.

253. IHO Gewirtz ordered DOE to fully fund N.A. 's attendance, costs, related services, and transportation services at iBRAIN for the 2021-2022 school year.

254. IHO Gewirtz's FOFD altered the legal relationship between DOE and KEISHA ARCHIBALD.

255. KEISHA ARCHIBALD is the prevailing party in the underlying administrative proceedings for IHO Case No. 224338.

256. As noted above, DOE did not appeal IHO Gewirtz's FOFD in IHO Case No. 224338.

257. At all times set forth herein, KEISHA ARCHIBALD was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 and 2021-2022 school years.

258. KEISHA ARCHIBALD is entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 224338.

259. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing KEISHA ARCHIBALD in the IDEA proceedings relative to IHO Case No. 224338 between February 2022 and May 2022.

260. KEISHA ARCHIBALD requests an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 224338 in an amount to be provided at a date subsequent to the Complaint filed herein.

261. On April 14, 2021, ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE brought a DPC against DOE alleging, among other things, that DOE did not provide D.O. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for D.O., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 207856.

262. On July 8, 2021, ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE brought a second DPC alleging, among other things, that DOE did not provide D.O. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for D.O., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 210950.

263. IHO Helene Peyser was appointed to conduct hearings addressing the Parents' DPC allegations for both IHO Case Nos. 207856 and 210950.

264. On July 27, 2021, IHO Helene Peyser issued an Order of Consolidation, which consolidated IHO Case No. 207856 and IHO Case No. 210950 into one case, and ordered all further correspondence must reference the consolidated case by IHO Case No. 207856.

265. On December 23, 2021, IHO Peyser issued an FOFD in IHO Case No. 207856.

266. IHO Peyser found, among other things, that DOE denied D.O. a FAPE for the 2020-2021 and 2021-2022 school years, that iBRAIN was an appropriate unilateral placement for D.O., and that equitable considerations favored an award of full funding for the 2020-2021 and 2021-2022 school years.

267. IHO Peyser ordered DOE to fully fund D.O.'s tuition, costs, expenses, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

268. DOE had 40 days from December 23, 2021, to appeal—to file an RFR of IHO Peyser's FOFD to the Office of State Review.

269. DOE did not file a verified RFR; DOE did not appeal IHO Peyser's FOFD.

270. IHO Peyser's December 23, 2021, FOFD is the final Order for D.O.'s 2020-2021 and 2021-2022 school years.

271. ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 207856 for the 2020-2021 and 2021-2022 school years.

272. To date, DOE has not complied with IHO Peyser's FOFD in IHO Case No. 207856.

273. To date, DOE has not fully implemented the FOFD in IHO Case No. 207856; DOE has not funded the total cost of D.O. 's tuition, expenses, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

274. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

275. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

276. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

277. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

278. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

279. On December 23, 2021, IHO Peyser issued an FOFD in IHO Case No. 207856 in favor of ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE on all three 'Burlington/Carter' prongs.

280. In IHO Case No. 207856, IHO Peyser found DOE denied D.O. a FAPE for the 2020-2021 and 2021-2022 school years; that iBRAIN was an appropriate placement for D.O., and that

a balancing of the equities favored full tuition reimbursement and/or direct funding for D.O.'s placement at iBRAIN for the 2020-2021 and 2021-2022 school years, including funding for related services and transportation services.

281. IHO Peyser ordered DOE to fully fund D.O.'s attendance, costs, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

282. IHO Peyser's FOFD altered the legal relationship between DOE and ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE.

283. ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE are the prevailing parties in the underlying administrative proceedings for IHO Case No. 207856.

284. As noted above, DOE did not appeal IHO Peyser's FOFD in IHO Case No. 207856.

285. At all times set forth herein, ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 and 2021-2022 school years.

286. ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE are entitled to reasonable attorneys' fees as prevailing parties in IHO Case No. 207856.

287. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE in the IDEA proceedings relative to IHO Case No. 207856 between April 2021 and December 2021.

31

288.  ADEJUMOKE OGUNLEYE and ADEWALE OGUNLEYE request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 207856 in an amount to be provided at a date subsequent to the Complaint filed herein.

289.  On December 31, 2020[3], MAYLENE OTERO brought a DPC against DOE, alleging, among other things, that DOE did not provide K.R. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for K.R., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 205442.

290.  On July 7, 2021, MAYLENE OTERO brought a second DPC alleging, among other things, that DOE did not provide K.R. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for K.R., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 210850.

291.  On July 21, 2021, IHO Helene Peyser issued an Order of Consolidation, which consolidated IHO Case No. 205442 and IHO Case No. 210850 into one case, and ordered all further correspondence must reference the consolidated case by IHO Case No. 205442.

292.  IHO Peyser was appointed to conduct hearings addressing the Parents' DPC allegations for IHO Case No. 205442.

293.  On November 30, 2021, IHO Peyser issued an FOFD in IHO Case No. 205442.

294.  IHO Peyser found, among other things, that DOE denied K.R. a FAPE for the 2020-2021 and 2021-2022 school years, that iBRAIN was an appropriate unilateral placement for K.R.,

---

[3] IHO Peyser wrote the incorrect DPC filing date for IHO Case No. 205442 in the Order of Consolidation, but corrected it in her November 30, 2021 FOFD.

and that equitable considerations favored an award of full funding from October 2020 through the 2021-2022 school year.

295. IHO Peyser ordered DOE to fully fund K.R.'s tuition, costs, expenses, related services, and transportation services at iBRAIN from October 2020 through the 2021-2022 school year.

296. DOE had 40 days from November 30, 2021, to appeal—to file an RFR of IHO Peyser's FOFD to the Office of State Review.

297. DOE did not file a verified RFR; DOE did not appeal IHO Peyser's FOFD.

298. IHO Peyser's November 30, 2021, FOFD is the final Order for K.R.'s 2020-2021 and 2021-2022 school years.

299. MAYLENE OTERO is the prevailing party of the underlying administrative proceedings relative to IHO Case No. 205442 for the 2020-2021 and 2021-2022 school years.

300. To date, DOE has not complied with IHO Peyser's FOFD in IHO Case No. 205442.

301. To date, DOE has not fully implemented the FOFD in IHO Case No. 205442; DOE has not funded the total cost of K.R.'s tuition, expenses, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

302. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

303. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

304. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

305. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

306. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

307. On November 30, 2021, IHO Peyser issued an FOFD in IHO Case No. 205442 in favor of MAYLENE OTERO on all three 'Burlington/Carter' prongs.

308. In IHO Case No. 205442, IHO Peyser found DOE denied K.R. a FAPE for the 2020-2021 and 2021-2022 school years; that iBRAIN was an appropriate unilateral placement for K.R., and, that a balancing of the equities favored full tuition reimbursement and/or direct funding for K.R.'s placement at iBRAIN from October 2020 through the 2021-2022 school year, including funding for related services and transportation services.

309. IHO Peyser ordered DOE to fully fund K.R. 's attendance, costs, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

310. IHO Peyser's FOFD altered the legal relationship between DOE and MAYLENE OTERO.

311. MAYLENE OTERO is the prevailing party in the underlying administrative proceedings for IHO Case No. 205442.

312. As noted above, DOE did not appeal IHO Peyser's FOFD in IHO Case No. 205442.

313. At all times set forth herein, MAYLENE OTERO was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 and 2021-2022 school years.

314. MAYLENE OTERO is entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 205442.

315. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing MAYLENE OTERO in the IDEA proceedings relative to IHO Case No. 205442 between December 2020 and November 2021.

316. MAYLENE OTERO requests an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 205442 in an amount to be provided at a date subsequent to the Complaint filed herein.

317. On November 12, 2020, IRIS RUCKER TORIBIO and MIKE RUCKER brought a DPC against DOE alleging, among other things, that DOE did not provide A.R. a FAPE for the 2020-2021 school year, that iBRAIN was an appropriate unilateral placement for A.R., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 203922.

318. On July 6, 2021[4], IRIS RUCKER TORIBIO and MIKE RUCKER brought a second DPC alleging, among other things, that DOE did not provide A.R. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for A.R., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i). The DPC was assigned IHO Case No. 210756.

319. On September 30, 2021, IHO Peter D. Hoffman issued an Order of Consolidation, which consolidated IHO Case No. 203922 and IHO Case No. 210756 into one case, and ordered

---

[4] IHO Hoffman incorrectly stated in his January 2, 2022 FOFD that the DPC for Case No. 210756 was filed on July 6, 2020, but the date-stamped DPC exhibits the date of July 6, 2021.

that all further correspondence must reference the consolidated case by IHO Case No. 203922.

320. IHO Hoffman was appointed to conduct hearings addressing the Parents' DPC allegations for IHO Case No. 203922.

321. On January 2, 2022, IHO Hoffman issued an FOFD in IHO Case No. 203922.

322. IHO Hoffman found, among other things, that DOE denied A.R. a FAPE for the 2020-2021 and 2021-2022 school years, that iBRAIN was an appropriate unilateral placement for A.R., and that equitable considerations favored an award of full funding for the 2020-2021 and 2021-2022 school years.

323. IHO Hoffman ordered DOE to fully fund A.R.'s tuition, costs, expenses, related services, and special transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

324. IHO Hoffman issued his FOFD **416 days after** IRIS RUCKER TORIBIO and MIKE RUCKER filed their original DPC against DOE for the 2020-2021 school year.

325. DOE had 40 days from January 2, 2022, to appeal – to file an RFR of IHO Hoffman's FOFD to the Office of State Review.

326. DOE did not file a verified RFR; DOE did not appeal IHO Hoffman's FOFD.

327. IHO Hoffman's January 2, 2022, FOFD is the final Order for A.R.'s 2020-2021 and 2021-2022 school years.

328. IRIS RUCKER TORIBIO and MIKE RUCKER are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 203922 for the 2020-2021 and 2021-2022 school years.

329. To date, DOE has not complied with IHO Hoffman's FOFD in IHO Case No. 203922.

330. To date, DOE has not fully implemented the FOFD in IHO Case No. 203922; DOE has not funded the total cost of A.R. 's tuition, expenses, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

331. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

332. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

333. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

334. In the context of IDEA administrative proceedings, relief ordered by an administrative officer alters the legal relationship between the parties.

335. In the context of IDEA proceedings, where an administrative officer issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

336. On January 2, 2022, IHO Hoffman issued an FOFD in IHO Case No. 203922 in favor of IRIS RUCKER TORIBIO and MIKE RUCKER on all three 'Burlington/Carter' prongs.

337. In IHO Case No. 205442, IHO Hoffman found that DOE denied A.R. a FAPE for the 2020-2021 and 2021-2022 school years; that iBRAIN was an appropriate placement for A.R., and that a balancing of the equities favored full tuition reimbursement and/or direct funding for A.R.'s placement at iBRAIN for the 2020-2021 and 2021-2022 school years, including funding for related services and transportation services.

338. IHO Hoffman ordered DOE to fully fund A.R.'s attendance, costs, related services, and transportation services at iBRAIN for the 2020-2021 and 2021-2022 school years.

339.    IHO Hoffman's FOFD altered the legal relationship between DOE and IRIS RUCKER TORIBIO and MIKE RUCKER.

340.    IRIS RUCKER TORIBIO and MIKE RUCKER are the prevailing parties in the underlying administrative proceedings for IHO Case No. 203922.

341.    As noted above, DOE did not appeal IHO Hoffman's FOFD in IHO Case No. 203922.

342.    At all times set forth herein, IRIS RUCKER TORIBIO and MIKE RUCKER were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2020-2021 and 2021-2022 school years.

343.    IRIS RUCKER TORIBIO and MIKE RUCKER are entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 203922.

344.    The Parent-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing IRIS RUCKER TORIBIO and MIKE RUCKER in the IDEA proceedings relative to IHO Case No. 203922 between November 2020 and January 2022.

345.    IRIS RUCKER TORIBIO and MIKE RUCKER request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 203922 in an amount to be provided at a date subsequent to the Complaint filed herein.

346.    DOE's persistent and continued failure to implement final administrative orders in IDEA proceedings is notorious.

347.    Pursuant to a stipulation that DOE entered into as part of the settlement in *L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), DOE must implement final IHO orders within thirty-five (35) days.

348. Despite the stipulation, DOE has a well-documented history of failing to implement final administrative orders timely.

349. Indeed, because of the continued and ongoing failure of DOE to implement administrative orders timely, Senior U.S. District Court Judge Loretta Preska ordered the appointment of a Special Master to oversee DOE's adherence to the prior stipulation and timely compliance with final administrative orders issued under the IDEA. *L.V. v. New York City Dep't of Educ.*, 03-CV-9917.

## AS AND FOR A FIRST CAUSE OF ACTION

350. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

351. Each Plaintiff and each Plaintiff's disabled Student have been harmed by DOE's failure to implement the final administrative orders that have been issued in their favor as set forth above and herein and will continue to suffer such harm until DOE implements the final administrative orders in accordance with the terms thereof.

352. DOE's failure and/or refusal to implement and/or comply with each Plaintiff's final Administrative Order in each Plaintiff's particular case, requiring DOE to fully fund each Plaintiff's placement at iBRAIN as set forth therein, has denied, and continues to deny, each Plaintiff herein their rights as set forth under the IDEA, 20 U.S.C. § 1401 *et seq*., the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

## AS AND FOR A SECOND CAUSE OF ACTION

353. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

354. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability (20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i)).

355. Plaintiffs here are prevailing parties in their respective underlying administrative actions brought under the IDEA.

356. Each Plaintiff here is the Parent of a child with a disability who prevailed in their respective action/proceeding brought against DOE under the IDEA.

357. Each Plaintiff here was at all times referenced herein, represented by the Brain Injury Rights Group, Ltd., a non-profit law firm experienced in, *inter alia*, representing students with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

358. Each Plaintiff, as a prevailing party in their respective Administrative Proceeding brought under the IDEA, most respectfully seeks an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

## AND AS FOR A THIRD CAUSE OF ACTION

359. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

360. Plaintiffs' Third Cause of Action is brought under 42 U.S.C. § 1983 as the Defendants, acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student, of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations and the like and/or otherwise violated said rights as set forth herein.

361.  Defendants, acting under color of law, violated the rights of each Plaintiff, and each Plaintiff's disabled Student, as protected under Section 1983, in that the Defendants: (a) adopted inappropriate policies and procedures pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law; (b) failed to abide by existing policies and procedures pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law; (c) engaged in a widespread practice that constituted custom or usage pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law; (d) failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who interact with such employees pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law, and (e) failed to adopt and implement appropriate policies and procedures and/or to adhere to existing policies pertaining to implementing final administrative orders issued in proceedings brought under the IDEA and applicable state law.

362.  Defendants' failure and/or refusal to implement and/or comply with the final administrative orders issued in proceedings brought under the IDEA as detailed above deprived, and continues to deprive, each Plaintiff and each Plaintiff's disabled Student, of their rights under the IDEA, and the regulations promulgated under it, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

363.  As a direct and proximate result of Defendant's wrongful conduct, each Plaintiff and each Plaintiff's disabled Student have experienced a loss of federally guaranteed rights.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs request that this Court:

A. Issue a Preliminary Injunction:

    i.   Ordering Defendants, DOE, to fully implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein.

B. Enter Judgment against Defendants and in favor of Plaintiffs:

    i.   Finding that Defendants' failed to implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein, and by doing so, deprived each Plaintiff and said Plaintiff's disabled Student of their rights under the IDEA, the regulations promulgated under it, as well as New York State Education Law;

    ii.   Finding that Defendants' failure to implement and/or comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein, while acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student their rights secured by federal and state law in violation of 42 U.S.C. § 1983;

    iii.   Awarding each Plaintiff reasonable attorneys' fees, as part of their costs, as each Plaintiff was a "prevailing party" in the underlying Administrative Action brought under the IDEA. Each Plaintiff herein is the Parent of a child with a disability, who prevailed in their respective administrative proceedings brought under the IDEA, and who had final administrative orders issued in their favor, requiring Defendants, DOE, to fully fund each Plaintiff's disabled Student's tuition and related services at iBRAIN. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i);

    iv.   Declaring that the Defendants violated the Plaintiffs' rights as set forth herein;

    v.   Ordering such other, further, and different relief as may be appropriate under the IDEA;

    vi.   Awarding Plaintiffs' statutory costs and reasonable attorneys' fees in instant federal action; and

    vii.   Granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated: June 28, 2022
      New York, N.Y.

                                    Respectfully submitted,
                                    Brain Injury Rights Group, Ltd
                                    *Attorneys for Plaintiffs*

By:               */S/*
                                    Ashleigh C. Rousseau, Esq. (5801923)
                                    300 East 95th Street, Suite 130
                                    New York, N.Y. 10128
                                    (646) 850-5035
                                    ashleigh@pabilaw.org