```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
NAHOKO MIZUTA, ET AL.,                                       :
                                    Plaintiffs,              :
                                                             :       22 Civ. 5522 (LGS)
                    -against-                                :
                                                             :              ORDER
DAVID C. BANKS, ET AL.,                                      :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties dispute whether Defendant New York City Department of Education ("DOE") owes two amounts pursuant to Plaintiff Y.M.'s Impartial Hearing Order ("IHO"): $10,840.50 for music therapy and group music therapy, and $52,560 for transportation (the "Disputed Amounts");

WHEREAS, the conclusion of the IHO does not specifically enumerate either of the Disputed Amounts as part of the award, but the IHO (1) recites that both Disputed Amounts were part of Y.M.'s educational expenses for the relevant year, (2) finds in favor of the parents on each prong of the relevant legal test and (3) contains no reasoning or indication that the hearing officer thought it appropriate to award less than the full amount of Y.M.'s educational expenses, including the Disputed Amounts;

WHEREAS, this Court has jurisdiction over this action to enforce the IHO. Contrary to Defendants' argument, there is a justiciable case or controversy that Plaintiffs have standing to raise. The parties dispute both the scope of the IHO that is subject to enforcement and the speed with which Defendants must comply, and Defendants oppose Plaintiffs' request for an injunction ordering immediate payment of Plaintiffs' requested relief. *See L.A. v. New York City Dep't of Educ.*, No. 20 Civ. 5616, 2021 WL 1254342, at *2 (S.D.N.Y. Apr. 5, 2021) ("A live controversy,

within the Article III jurisdiction of the federal courts, requires a plaintiff seeking relief and a defendant opposing that relief." (quoting *Amalgamated Clothing & Textile Workers Union v. J. P. Stevens & Co.*, 638 F.2d 7, 8 (2d Cir. 1980) (internal quotation marks omitted)).  By seeking enforcement of the IHO, Plaintiffs seek to redress a concrete and particularized harm from Defendants' not promptly reimbursing them in full for educational expenses, which places Y.M.'s continued educational placement in jeopardy.  *See Venglattore v. Cornell Univ.*, 36 F.4th 87, 112 (2d Cir. 2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (enumerating requirements of Article III standing).  The IDEA's exhaustion requirement does not bar this enforcement action, because New York's administrative officers lack the power to enforce their own orders, and further administrative proceedings therefore would be futile and/or unlikely to result in adequate relief.  *See A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 78 n.13 (2d Cir. 2005) (noting that "IHOs, as is common in administrative procedures, have no enforcement mechanism of their own," but "judicial enforcement is available"); *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020) ("Exhaustion is not necessary if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies.") (cleaned up); *K.O. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10277, 2022 WL 1689760, at *6 (S.D.N.Y. May 26, 2022) ("[P]arents must be able to choose litigation if they believe that is necessary to effectively enforce orders given by IHOs." (internal quotation marks omitted));

 WHEREAS, "[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies."  *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 463 (2d Cir. 2014) (quoting *T.L. v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d

417, 436 (E.D.N.Y. 2013) (internal quotation marks omitted)); *accord, e.g.*, *Cruz v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 12140, 2019 WL 147500, at *10 (S.D.N.Y. Jan. 9, 2019). "A remand is appropriate when the educational expertise of the IHO and SRO is necessary to resolve an issue." *Cruz*, 2019 WL 147500 (internal quotation marks omitted); *accord Melendez v. N.Y.C. Dep't of Educ.*, 420 F. Supp. 3d 107, 122 (S.D.N.Y. 2019). "A district court may remand the proceeding for further development and clarification of the record." *T.L.*, 938 F. Supp. 2d at 437; *accord Hidalgo v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 98, 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021); *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, No. 14 Civ. 3067, 2017 WL 3066888, at *9 (S.D.N.Y. July 18, 2017) (discussing availability of remand "to consider 'unaddressed claims'" (quoting *D.N. v. N.Y.C. Dep't of Educ.*, 905 F. Supp. 2d 582, 588 (S.D.N.Y. 2012))); *see J.M. v. N.Y.C. Dep't of Educ.*, 171 F. Supp. 3d 236, 243 (S.D.N.Y. 2016) ("Judge Failla remanded the case to the IHO for findings of fact and conclusions of law on other issues that had been raised by Plaintiffs but not addressed in either the IHO's or the SRO's initial decisions.");

WHEREAS, the IHO in Y.M.'s case is ambiguous and appears not to address the relief to which Plaintiffs believe they are entitled, even though the IHO finds in favor of Plaintiffs on every issue and does not expressly deny the Disputed Amounts. The educational expertise of the administrative officers is required to clarify whether there is a basis for denying the Disputed Amounts that is not apparent from the face of the IHO. It is hereby

**ORDERED** that the proceeding as to Y.M. concerning the Disputed Amounts is **remanded** to the impartial hearing officer for additional findings of fact and conclusions of law consistent with this Order.

Dated: August 9, 2022
      New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE