

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HYUNJUNG KIM**<br>Tel.: (212) 356-2018<br>hyukim@law.nyc.gov |

December 20, 2022

**VIA ECF**
Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:  *Mizuta, et al. v. Banks, et al.,* 22-cv-05522 (LGS) (OTW)

Dear Judge Schofield:

   I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendants in the above-referenced action, wherein, having resolved all substantive claims, Plaintiffs seek attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA"), as well as for this action.

   I write to respectfully request that the Court (a) order Plaintiffs to provide, no later than Dec. 21, 2022, the relevant attorneys' billing records necessary for Defendants to formulate a reasonable settlement posture and resolve this case (nine separate unrelated claims for fees in one action); and (b) stay this action that the Court stay this action for a period of 60 days following the receipt of the nine sets of relevant billing records; and (c) that a next status letter be due no later than February 20, 2023.

   As background, on Nov. 7, 2022, Your Honor granted a 60-day extension of Defendant's time to respond to the complaint (ECF No. 49), noting that no further extensions would be granted absent compelling circumstances. Defendant believe compelling circumstances justify the requested stay for the following reasons.

   Since the Court's Nov. 7 Order, Defendants have made numerous requests for billing records including (previously, on November 3 (via email)) November 29 (via email), December 6 (via email), and December 20, 2022 (via email). Plaintiffs informed Defendants on November 29 that they would send billing records within a few days, but today on December 20, we were informed they are still reviewing their billing records. Until the receipt of relevant attorney billing records, this office cannot begin its internal settlement review process which takes at least 45-60 days and entails reviewing the nine sets of billing records together with the underlying administrative

records for the nine unrelated hearings.

Fortunately, because Defendant has had access to the nine separate administrative records at issue for the past few months, the undersigned has been able to partially prepare the needed work product in support of Defendant's eventual settlement posture, and thus we are not requesting a 90 day stay. But those records will still need to be reviewed together with the relevant billing records once they are received. we have had the benefit of the review of the administrative record to help prepare our internal settlement posture but again those records will need to be reviewed with together with the relevant attorney billing records which will require 9 times the work as compared to the overwhelming majority of IDEA fees-only cases filed in the Southern District which set forth a single claim for fees and costs), and then close consultation with various City agencies before settlement negotiation can begin.

Defendants hope to resolve this matter without the need for a conference or motion practice, but that cannot be achieved prior to January 7, 2023. Indeed, this office has settled similar IDEA fees claims brought by plaintiffs represented by Brain Injury Rights Group, Ltd. in recent years without the need to burden the court with any fees motion practice, but those settlements first require several months for Defendant to complete the internal review process which cannot be completed with all of the relevant billing records.

Therefore, Defendants respectfully request that (i) Plaintiffs' counsel be compelled to provide Defendant with the relevant attorneys' billing records in these cases; (ii) that the Court stay the Defendants' time to respond to the Complaint for a period of 60 days following the receipt of the 9 unrelated sets of relevant billing records; and (iii) that the status letter be due no later than February 20, 2023.

Thank you for considering these requests.

Respectfully submitted,

/s/ Hyunjung Kim
Hyunjung Kim
Special Assistant Corporation Counsel

By **December 23, 2022, at 12:00 P.M.**, Plaintiffs shall file a responsive letter, which shall address the current status of Plaintiffs' review of billing records and the estimated date by which they will be produced.

So Ordered.

Dated: December 21, 2022
New York, New York

  cc: Ashleigh C. Rousseau, Esq.
     Rory Bellatoni, Esq.
     Brain Injury Rights Group, Ltd.
     *Counsel for Plaintiffs*

              LORNA G. SCHOFIELD
              **UNITED STATES DISTRICT JUDGE**