**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

December 22, 2022

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Mizuta et al. v. Banks et al.,—22-CV-05522 (LGS)*

Dear Judge Schofield,

As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter. On December 21, 2022, Your Honor Ordered the Plaintiffs to file a responsive letter to the Defendants' letter motion filed on December 20, in which the Plaintiffs shall address the current status of the Plaintiffs' review of billing records and the estimated date by which they will be produced. See Dkt. No. 52.

As a result, the undersigned submits the instant letter in response and opposition to the Defendants' unnecessary and rather frivolous motion letter to compel Plaintiffs' counsel to provide Defendant with the relevant billing records; stay the Defendants' time to respond to the Complaint for 60 days following the receipt of the billing records; and extend the time for the parties to submit the joint status letter from January 7, 2023,[1] to February 20, 2023. See Dkt. No. 52.

The Defendants' relief should be denied in its entirety for the reasons explained below—not the least of which is that I have never refused to produce the records. But to begin with, the Court should know this letter, like others sent to the Court by the same attorney, contains half-truths and outright false representations.[2] Indeed, Counsel once again violates her duty of candor to the Court.[3] And again, Counsel's behavior is even more objectionable because Counsel's deceptive correspondence suggests that the undersigned has acted inappropriately.

This is the second time that Counsel has sent a premature, one-sided letter to the Court to avoid submitting a Court-Ordered joint status letter--the Court ordered the parties to submit a joint status letter on January 7, 2023. Despite the clear language of Your Honor's orders directing the parties to submit "joint" status letters, Counsel has asserted that the letters are not joint but the Defendants' "status letters."[4]

---

[1] In preparing the instant letter, the undersigned realized that January 7, 2023 is a Saturday.

[2] As discussed below in further detail, Counsel's continued assertion that she needs billing records to answer the Complaint is beyond frivolous, meritless, and false. Indeed, the Plaintiffs can make an argument that Defendants should Answer before discussing settlement as there is no way of knowing whether Defendants concede that the Plaintiffs are prevailing parties in their underlying IDEA matters.

[3] In the undersigned's letter to the Court filed November 7, Counsel's misrepresentations in her November 4 letter are set out in detail. See Docket No. 49 and 47, respectively.

[4] Indeed, on the second page of her letter, Counsel requests, inter alia, "…(iii) that the status letter be due no later than February 20, 2023"—not the "joint" status letter.

1

Earlier in the day on December 20, 2022, Counsel emailed the undersigned, stating the following:

> **Since we have not received any billing records yet, I would like to request again 90 day (or at least 60 days) ext to file the answer to your complaint. I know the ANS DUE is JAN 7, but I think we should file the letter motion before the end of this year (due to the holiday seasons). Please give us your consent. Thanks.**

The undersigned responded as follows:

> **I'm told that I'll have the records for review shortly. However, the production of the billing records has nothing to do with answering the Complaint. Plaintiffs do NOT consent to any further extension to answer.**

Counsel responded to my email with the following:

> **Hi Rory,**
>
> **Thank you for the reply. Please provide us with the most updated billing records for the above-referenced matter today. Otherwise, we will need to file a letter motion to compel, and we will file it with the court shortly--EOD today.**

As I have explained to counsel several times, the Plaintiffs' law firm has been extremely short-staffed as of late. Besides attorneys leaving the firm and/or relocating outside of New York, two staff members are working part-time as they are studying for the bar exam, and the paralegal who handles billing matters was on vacation in November and is now on jury duty.

Counsel's false and inaccurate statements to the Court should not be accepted. Notwithstanding Counsel's assertion in her letter, the undersigned did NOT state in an email on November 29 that I would be "sending the billing records within a few days." I stated **I would do my best** to get her the billing records. In my November 29 email to Counsel, I stated the following in response to her inquiry about billing records:

> **I appreciate the reminder and am working on the billing records. Unfortunately, I am extremely short-staffed and have a number of other hard deadlines today and tomorrow. I will do my best to have these records to you by Friday or Monday.**

Despite my best efforts, I could not have the billing records finalized and sent to Counsel. This matter has been all the more complicated because of an overzealous associate who previously sent the wrong, incorrect billing records to Counsel. As a result, I have needed my staff to review the various billing records, correct identified errors, identify other errors, and generate the correct invoices/billing records.

Although the paralegal who was working on this matter is currently on jury duty, I have been assured that the billing records will be sent to me for my final review and service upon the Defendants by Friday, December 30. Counsel's request that the Court order the Plaintiffs to produce the billing records within 24 hours is as inappropriate as a motion can get. Counsel somehow feels that although her clients are the Defendants who have not answered the Plaintiffs' Complaint, she's entitled to summary relief without proper notice, without Plaintiffs having a chance to respond—with no due process whatsoever.[5]

---

[5] Counsel admitted to practice in federal court are responsible for knowing all applicable Federal Rules of Civil Procedure, local rules, and the Court's Individual rules. Counsel behaves as if she's unaware there are any such rules.

On a separate note, Counsel's insistence that Defendants cannot answer the Complaint without the Plaintiffs' billing records is flat-out frivolous. Counsel's statement to the Court that "Defendants cannot respond to the complaint nor achieve settlement pre-answer without receipt of relevant billing records from the Plaintiffs" is baseless. The Defendants' ability to answer has nothing to do with the Plaintiffs' billing records. There is no pre-Answer discovery in these matters.[6]

On November 7, 2022, Your Honor Ordered that "The deadlines for Defendants' answer and the parties' joint status letter are extended to January 7, 2023. No further extensions will be granted absent compelling circumstances." There is no reason, let alone a compelling reason, to extend the Defendants' time to Answer or the parties' time to file their joint status letter. Indeed, I previously assured counsel that in the January 7, 2023, joint status letter, I would advise the Court that any delay in settling this matter was the fault of the undersigned.

On December 7, 2022, I received an email from Counsel in which she wrote, "Hi Rory, I do not think I have received the billing records. Did you send it to me? Thanks." I responded to Counsel's email as follows:

> **I did not. I have staff working on this. I will advise the Court, when appropriate, the delay in sending the billing records was my fault. This will not be an issue with the Court, and you will have as much time as you need, on consent, to get review the records and make an offer.**
>
> **I will also send over the written bios of attys. once I'm done reviewing the records. Some attys' time I've written off completely.**

On November 4, 2022, Counsel refused to deal with the undersigned in good faith and needlessly filed a letter motion with the Court. The relief Your Honor granted was precisely what the undersigned agreed to—highlighting the needless nature of Counsel's motion.

It pains me to write letters such as this—though no doubt it pains Your Honor more to read them. That said, Counsel's letter again suggests that the undersigned has acted unreasonably, even unprofessionally, when precisely the opposite is true. Counsel's duplicitous communications with the Court, insistence on maintaining the unsupported legal position that discovery is needed to Answer Plaintiffs' Complaint, assertion that compelling reasons exist to extend Defendants' time to Answer, improper letter-motion seeking nearly instant relief, among other things, should not be countenanced.

The Plaintiffs request that the Defendants' relief be denied in its entirety. More specifically, the Plaintiffs ask the Court to deny the Defendants' request to compel the production of relevant billing records immediately; to stay the Defendants' time to respond to the Complaint for 60 days following the receipt of the billing records; and to extend the time for the parties to submit the joint status letter from January 7, 2023, to February 20, 2023.

Additionally, the Plaintiffs request that the Defendants be ordered to pay the Plaintiffs' attorneys' fees relative to responding to their meritless and frivolous letter-motion.

---

[6] Typically, the opposite is true—Defendants usually answer before Plaintiffs engage in any settlement discussions relative to attorneys' fees. This prevents Defendants from claiming that Plaintiffs are not prevailing parties after settlement negotiations commence—or at the very least, alerts the Plaintiffs to Defendants' position concerning settlement.

The Plaintiffs appreciate the opportunity to be heard and the courtesy and attention of the Court in this case.

Respectfully submitted,

*Rory J. Bellantoni*

Rory J. Bellantoni (RB 2901)


Cc:   **VIA ECF**

Hyunjung Kim
Special Assistant Corporation Counsel
General Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
Office: (212) 356-2018
hyukim@law.nyc.gov


Defendants' request is GRANTED in part and DENIED in part. Defendants have offered no justification for the unreasonable request for an order compelling Plaintiffs to produce billing records within one day, but neither have Plaintiffs given a satisfactory explanation for the multiple-month delay in producing those records. As Defendants had a good faith basis for seeking the Court's intervention, neither side shall pay the other's costs in bringing or opposing this motion.

Defendants' request for a stay or an extension of their time to answer the Complaint is DENIED. The production of billing records is unnecessary for Defendants to respond to the Complaint. Defendants' request for an order compelling Plaintiffs to produce billing records is GRANTED in part. Plaintiffs shall produce the records in question by **January 10, 2023**. The deadline for the parties to file a status letter is extended to **February 24, 2023**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 51.

Dated: December 23, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE