```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
NAHOKA MIZUTA, et al.,                                        :
                                    Plaintiffs,               :
                -against-                                     :      22 Civ. 5522 (LGS)
                                                              :
DAVID C. BANKS, et al.,                                       :          ORDER
                                    Defendants.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Order dated April 6, 2023, instructed Defendants to file a letter showing cause why Defendants should not be sanctioned because of their delay for nearly a year after the start of this litigation in making payments that were due to Plaintiffs;

WHEREAS, in a letter filed April 20, 2023, Defendants explained that the delay was attributable to internal communications lapses during personnel changes in the Office of Corporation Counsel.  Defendants acknowledge that requests for necessary documentation made by the Office of Corporation Counsel in March 2023 should have been raised between July and September 2022. Defendants contend that these errors were not frivolous or made in bad faith, and did not cause harm to Plaintiffs, who ultimately received full access to the necessary educational transportation. Defendants apologized and committed to "take steps to ensure that assigned Fee Team attorneys are more fully briefed on the prior issues raised in these matters before they are transferred and recategorized as 'attorneys' fees-only'";

WHEREAS, in a response filed April 28, 2023, Plaintiffs accuse Defendants of proffering false explanations for the delay, but do not convincingly substantiate this allegation.  Plaintiffs' letter does not allege that Defendants' delay caused material harm to Plaintiffs;

WHEREAS, it is well established that district courts have inherent authority to impose sanctions on lawyers and litigants "to deter abuse of the judicial process." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).  But given the potency of the Court's inherent powers, the Second Circuit "has always required a particularized showing of bad faith" to justify the imposition of sanctions.  *United States v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991); *accord Keitel v. D'Agostino*, No. 21 Civ. 8537, 2023 WL 3560553, at *3 (S.D.N.Y. May 19, 2023).  "[A] finding of bad faith by clear and convincing evidence is critical before imposing sanctions on that ground."  *Keitel*, 2023 WL 3560553, at *3.  In deciding to impose sanctions, the Court may consider, among other factors: "(i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future."  *Id.*;

WHEREAS, there is not clear and convincing evidence that Defendants acted in bad faith or that Plaintiffs were injured by Defendants' delay in processing payments.  Nor is there evidence to conclude that this delay is the latest in a pattern of misbehavior by Defendants.  Nevertheless, Defendants delay in this action was understandably frustrating to Plaintiffs, and news of the purported breakdown in internal communications in the Office of Corporation Counsel is troubling.  Prompt remedy of the system failures that contributed to this delay is imperative.  It is hereby

**ORDERED** that sanctions are not imposed on Defendants for the delay in payments.  By **June 23, 2023**, Defendants shall file a letter explaining what measures they have adopted or will adopt and by when to ensure that communications lapses like the one that occurred here do not happen in the future.

Dated: June 15, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**