UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
NAHOKA MIZUTA, et al.,                                        :
                                        Plaintiffs,           :
                   -against-                                  :    22 Civ. 5522 (LGS)
                                                              :
DAVID C. BANKS, et al.,                                       :    **ORDER**
                                        Defendants.           :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs move for reconsideration of the Court's April 6, 2023, Order (the "April 6 Order") denying additional tuition payments for Plaintiff R.Z., and direct payment for A.R.

1. **Procedural History**

WHEREAS, on March 1, 2023, Plaintiffs filed a letter motion alleging, contrary to their earlier representations, that Defendants had not made many of the payments Plaintiffs sought and demanded immediate payment. Defendants' response revealed, among other things, that the parties disputed whether outstanding tuition payments to A.R. would be provided as direct funding in the first instance or as reimbursements after A.R.'s parents made the tuition payments. The parties also disagreed about whether nursing costs were part of R.Z.'s educational plan as set forth in R.Z.'s Findings of Fact and Decision ("FOFD") by the Independent Hearing Officer ("IHO"), and whether Defendants are obligated to pay such costs.

WHEREAS, by Order dated March 10, 2023, the parties were directed to file a joint letter stating their respective positions on disputes implicating several Plaintiffs, including A.R. and R.Z. That letter restated Plaintiffs' position that Defendants were to fund directly A.R.'s tuition payments and cover $78,210 in nursing expenses incurred by R.Z. Defendants repeated their

position that funding to A.R. was to be made in the form of reimbursement not direct payment, but did not address R.Z.'s nursing expenses.

WHEREAS, the April 6 Order denied Plaintiffs' request for direct payment for A.R. and did not address R.Z.'s nursing costs.

2. **Legal Standard**

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Suarez*, 2022 WL 1078436, at *2.

**Nursing Services for R.Z.**

WHEREAS, Plaintiffs have made a sufficient showing to warrant reconsideration of the April 6 Order as it pertains to R.Z.'s nursing costs, because the April 6 Order did not address that issue.

WHEREAS, R.Z. is "wheelchair bound, nonverbal and visually impaired" and "couldn't move his torso from side to side." Nursing services were a part of R.Z.'s educational program as recommended and implemented for R.Z.:

- "The DOE recommended a 6:1:1 in a D75 school with related services of OT, PT, SP, and VES, a paraprofessional 1:1 and a **nurse** 1:1."

- R.Z.'s IEP for the 2020-21 school year "recommended a 12-month program within a 6:1:1 in a [non-]public school, 1:1 paraprofessional and 1:1 **nurse**."

- "The June 2020 IEP changed [R.Z.'s] classification . . . [and] recommended 6:1+1 in a D75 school, OT 4x60; PT 5x60; SP/L 5x60; VES 3x60; paraprofessional 1:1 full-time; **nurse** 1:1 full-time; parent counseling [etc.]."

- The school psychologist recommended "a 6:1:1 with related services of OT, PT, SP/L, parent counseling and training, a **nurse** and a paraprofessional and AT.

- The school psychologist also noted that "[t]he **nursing** and transportation accommodation need to be reviewed annually.

- When R.Z. was in school, "[h]is classification is TBI and is in a 6:1:1 class and receives OT (4x60), PT (5x60), SP/L (5x60), VES (3X60), AT (1x60), a 1:1 **nurse** and 1:1 paraprofessional all day, special transportation accommodations including a 1:1 travel **nurse**, limited travel time [etc.]."

- "There were 6 students in his class during the 19/20 school year and all the students had a 1:1 paraprofessional and 3 of the students had a 1:1 **nurse** . . . ."

WHEREAS, the IHO observed that "[a] free appropriate public education ["FAPE"] must include special education and related services tailored to meet the unique needs of a particular child and be reasonably calculated to enable the child to receive educational benefits." The IHO found that "the DOE failed to provide FAPE" for the relevant school years. She further found

that "the equities favor the parent's request for funding of the unilateral placements . . . from March 2020 to June 2021."  Without excluding any category of expenses designated for R.Z.'s educational program, the IHO ordered the DOE to "pay for the related services provided and received to [R.Z.] at the private school from March 2020 to June 2021."  The IHO's order therefore includes the described nursing services.

**Direct Tuition Payment for A.R.**

WHEREAS, Plaintiffs have not made a showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," to warrant reconsideration of the April 6 Order as to direct payment of A.R.'s tuition expenses.  *Cho*, 991 F.3d at 170.  That ruling did not reflect an "erroneous reading" but instead was based on the only reasonable interpretation of the IHO's Order, which unambiguously called for reimbursement -- not direct payment -- of A.R.'s tuition.  *See, e.g.*, *Glob. Art Exhibitions, Inc. v. Kuhn & Bülow Italia Versicherungsmakler GmbH*, 607 F. Supp. 3d 421, 431 n.7 (S.D.N.Y. 2022) (noting that "[t]he plain meaning" of "reimburse" is "repay a person who has spent or lost money") (cleaned up); *Sher v. Allstate Ins. Co.*, 947 F. Supp. 2d 370, 381 (S.D.N.Y. 2013) ("The word 'reimburse' means 'repay' or 'pay back or compensate (a person) for money spent or for losses or damages incurred.'").

WHEREAS, in support of the present motion, Plaintiffs have submitted the affidavit of A.R.'s father, which was provided in the underlying IHO hearing.  On a motion for reconsideration, a court will not consider "evidence that the moving party could have raised before the decision issued."  *Banister*, 140 S. Ct. at 1703.  Even if such evidence were properly considered here, it would not change the outcome.  Notwithstanding A.R.'s father's statement that A.R.'s family could not afford to front the cost of A.R.'s tuition and await reimbursement,

the IHO ordered reimbursement. As stated in the April 6 Order, Plaintiffs did not appeal to the State Review Office the IHO's decision to award reimbursement rather than direct payment. *See Maysonet v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 1685, 2023 WL 2537851, at *1 (S.D.N.Y. Mar. 16, 2023) ("An IHO's decision may be appealed to a State Review Officer ("SRO") . . . . Following a decision by an SRO, the IDEA permits a dissatisfied party to challenge an SRO's decision in state or federal court."). Plaintiffs have not exhausted their administrative remedies as required to assert the claim in District Court.

**ORDERED** that Plaintiffs' motion for reconsideration of the April 6 Order is GRANTED in part and DENIED in part. By **December 1, 2023**, Defendants shall remit payment of the full outstanding amounts for nursing costs for R.Z.

The Clerk of Court is respectfully directed to close the motion at Dkt. 73.

Dated: November 16, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**